1
2
3
4
5
6
7
8
9
10

CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

11

12

13

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| **Chris Langer**,<br><br>        Plaintiff,<br><br>    v.<br><br>**City of Solana Beach;** and Does 1-10,<br><br>        Defendants. | Case No.  **'19 CV 0312 MMA BLM**<br><br>**Complaint for Injunctive Relief and Damages for Violations of:**<br><br>1. Title II of the Americans with Disabilities Act, 42 U.S.C. §12132 *et seq.*; and<br>2. California's Disabled Persons Act, Cal. Civ. Code § 54 *et seq.* |

1

Complaint

**INTRODUCTION**

1.     Plaintiff Chris Langer ("Plaintiff"), an individual with physical disabilities who uses a wheelchair for mobility, brings the instant action alleging that the City of Solana Beach ("City") and Does 1-10 (collectively, "Defendants") have discriminated against him on the basis of his disability in violation of federal and state anti-discrimination statutes.

2.     Specifically, Plaintiff alleges that Defendants have failed and/or refused to properly construct, alter, maintain and/or operate the public parking facilities in the beach area of the city, such that those facilities are inaccessible and unusable to him as a wheelchair user and serve as barriers to his ability to access the City's service programs and activities.

3.     Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to make the public parking facilities in the beach area accessible to him as required by law. Plaintiff also seeks damages and reasonable attorneys' fees, costs and litigation expenses for enforcing his civil rights.

**JURISDICTION & VENUE**

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act ("ADA").

5.     Pursuant to pendent jurisdiction, an attendant and related cause of action arising from the same facts is also brought under the Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 et seq. The CDPA expressly incorporates the ADA. Cal. Civ. Code §§ 54 (c) and 54.1(d).

6.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real properties which are the subject of this action are located in this district and that Plaintiff's cause of action arose in this district.

**PARTIES**

7.  Plaintiff Chris Langer is an individual and California resident.

8.  Defendant City of Solana Beach is a municipal corporation and political subdivision of the State of California.

9.  Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend his Complaint when their true names, capacities, connections, and responsibilities are ascertained.

10.  Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

**FACTUAL ALLEGATIONS**

11.  The City encompasses 1.7 miles of beach front bordered on the north by Cardiff State Beach, and on the south by the City of Del Mar.

12.  The beach front is divided into four main Beach Parks: Fletcher Cove, Tide Beach Park, Seascape Surf, and Del Mar Shores. These beaches provide a wide variety of recreational activities for City residents and visitors.

Complaint

13.     At all times relevant herein, the City has offered free lot parking to members of the public visiting the beach front in the following locations:

     a. Plaza Street North Parking Lot at 116 North Highway 101 (identified as "Lot No. 2" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 2");

     b. Plaza Street South Parking Lot at 116 North Highway 101 (identified as "Lot No. 3" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 3");

     c. Fletcher Cove Parking Lot at 101 South Sierra Avenue (identified as "Lot No. 4" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 4");

     d. Distillery Parking Lot at 140 South Sierra Avenue (identified as "Lot No. 5" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 5");

     e. 423 South Sierra Avenue (identified as "Lot No. 6" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 6");

     f. 535 South Sierra (identified as "Lot No. 7" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 7");

     g. City Hall Parking Lot at 635 South Highway 101 (identified as "Lot No. 8" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 8");

     h. Del Mar Shores North at 721 South Sierra Avenue (identified as "Lot No. 9" in the map pictured on page 5 of this Complaint, and hereafter referred to as "LOT 9");

     i. Del Mar Shores South at 733 South Sierra Avenue (identified as "Lot No. 10" in the map pictured on page 5

4

of this Complaint, and hereafter referred to as "LOT 10");
and

j.  740 South Sierra Avenue (identified as "Lot No. 11" in the
map pictured on page 5 of this Complaint, and hereafter
referred to as "LOT 11").



### Public Parking Lots

| No. | Lot | Count |
|---|---|---|
| 1. | Transit Parking (106 North Cedros Ave) | = 319 |
| 2. | Plaza Street North Parking Lot (116 North Highway 101) | = 24 |
| 3. | Plaza Street South Parking Lot (116 North Highway 101) | = 23 |
| 4. | Fletcher Cove Parking Lot (101 South Sierra Avenue) | = 33 |
| 5. | Distillery Parking Lot (140 South Sierra Avenue) | = 82 |
| 6. | 423 South Sierra Avenue | = 37 |
| 7. | 535 South Sierra | = 31 |
| 8. | City Hall Parking Lot (635 South Highway 101) | = 66 |
| 9. | Del Mar Shores North (721 South Sierra Avenue) | = 20 |
| 10. | Del Mar Shores South (733 South Sierra Avenue) | = 21 |
| 11. | 740 South Sierra Avenue | = 20 |
| **Total** | | = 676 |

ON STREET PARKING
All public streets from Cedros Avenue, West to the ocean
= 1384

Grand Total (Includes Parking Lots and On-Street Parking)
= 2060

Legend

Lot #    Parking Lot Boundary

City Operated Lot, Beach Parking
City Operated Lot, Business Public Parking
Transit Station Parking, NCTD Operated

EXHIBIT 2-2 PUBLIC PARKING INVENTORY   Draft

Local Coastal Program Land Use Plan
City of Solana Beach, April 13, 2011

5

Complaint

14. At all times relevant herein, the City owned, controlled, maintained and exercised dominion over LOT 2, LOT 3, LOT 4, LOT 5, LOT 6, LOT 7, LOT 8, LOT 9, LOT 10, and LOT 11 (collectively referred to herein as the "Beach Area Parking"):

15. Plaintiff has physical impairments that significantly limit his mobility.

16. Plaintiff cannot walk due to paraplegia.

17. Plaintiff utilizes a wheelchair for mobility.

18. Plaintiff uses a modified van with a deployable ramp for transportation due to his physical impairments and use of a wheelchair,

19. In order for Plaintiff to have full and equal access to and use of public parking facilities, those facilities have to be constructed in compliance with federal and state accessibility standards.

20. Plaintiff visits the beach front area to visit friends and local businesses multiple times a year.

21. When Plaintiff visits the beach front and seeks to use the Beach Area Parking, he personally encounters accessibility barriers that cause him difficulty, distress and embarrassment as a wheelchair user, and prevent him from accessing and using both the Beach Area Parking facilities themselves, as well as the public services, programs and activities offered by the City along the beach front that the Beach Area Parking serves.

22. For example, on August 17, 2018, Plaintiff visited the beach front to shop. During this visit, Plaintiff sought to park in LOT 3, the lot closest to his intended destination, and personally encountered the following accessibility barriers:

      a. No designated accessible parking was provided; and

      b. No designated van accessible parking was provided.

6

Complaint

23.    It appeared to Plaintiff that there had been an accessible space in Lot 3 in the past, as there was some smudged and faded blue paint in part of the lot. However, there was no signage or distinguishable space or access aisle.

24.    As a result of the above-mentioned barriers, Plaintiff experienced difficulty, distress and embarrassment.  He was prevented from parking in LOT 2 due to the lack of properly configured accessible parking spaces accessible routes to the public right of way and ended up leaving the area to shop elsewhere.

25.    On information and belief, Lot 3 was repaved in the month following his visit, however the above-described barriers still exist as of the date of the filing of this Complaint.

26.    The other Beach Area Parking lots also contained accessibility barriers on August 17, 2018. Those barriers included:

    a. <u>LOT 2</u>:

        i.  No properly configured designated accessible parking space was provided;

        ii. No designated van accessible parking space was provided;

        iii. Although there was a sign for an accessible parking space posted in the lot, there was no marked space or access aisle to accompany it;

        iv. Even had a marked space and access aisle been provided in the area where the accessible parking sign was located, the access aisle would not have been connected to an accessible route to the public right of way because of the presence of an uncut curb;

7

Complaint

     v.   The accessible parking sign posted did not include language pertaining to minimum fines and towing.

  b.  <u>LOT 4</u>:

     i.   Signage for the standard accessible and van accessible spaces provided was missing required fine and/or towing language; and

     ii.   The van accessible space provided was not correctly configured. Van accessible spaces can either be configured with a 96-inch wide space accompanied by a 96-inch access aisle, or with a 132-inch space accompanied by a 60-inch access aisle. The two spaces presented in LOT 4 measured 103 inches and 105 inches in width, with a 92-inch shared access aisle.

  c.  <u>LOT 5</u>:

     i.   Given the overall number of spaces provided (80+), the lot should have had a total of four accessible spaces (including one van) but only had two;

     ii.   No van accessible space was provided;

     iii.   The two standard accessible spaces that were provided displayed signage that did not contain fine and towing language;

     iv.   The access aisle shared by the two standard accessible spaces was less than 60 inches in width;

     v.   Both standard accessible spaces provided and the access aisle they shared presented slopes and cross slopes that exceeded 1:48 (2.08%);

Complaint

vi.     There was no accessible route from the shared access aisle to the public right of way; and

vii.    There was an area in the lot where it appeared the City may have once had an additional accessible parking space (adjacent to the Hide Away Café). However, if intended to serve as accessible parking through November 17, 2018, the space was wholly inadequate in that the space was unsigned, sited upon cracked pavement, and faded well beyond recognition.

d.  LOT 6:

i.      The standard and van accessible spaces provided displayed signage that did not contain fine and towing language;

ii.     The designated van accessible space presented slopes that exceeded 1:48 (2.08%);

iii.    The van accessible space was not properly configured, as it provided a space measuring 106 inches with an access aisle measuring 91 inches; and

iv.     Both designated accessible spaces and their related access aisles provided cross-slopes exceeding 1:48 (2.08%).

e.  LOT 7:

i.      No van accessible space was provided;

ii.     Given the overall number of spaces provided in the lot (30+) it should have had a total of two accessible

Complaint

spaces (including one van accessible space) but only had one;

    iii.   The one standard accessible space provided did not have a marked access aisle;

    iv.   The one standard accessible space provided did not have any signage;

    v.   The slope and cross slope for the standard accessible parking space provided exceeded 1:48 (2.08%);

    vi.   The standard accessible space provided was ill-maintained and faded; and

    vii.   There was no accessible route from the standard accessible parking space to the adjacent public right of way.

  f.  LOT 8:

    i.   The designated accessible spaces provided (both van and standard) displayed signage that was missing fine and towing language;

    ii.   One of the accessible spaces had a slope exceeding 1:48 (2.08%);

    iii.   One of the accessible spaces had a cross-slope exceeding 1:48 (2.08%); and

    iv.   One of the access aisles had a cross-slope exceeding 1:48 (2.08%).

  g.  LOT 9:

    i.   No van accessible space was provided;

    ii.   The one standard accessible space provided was ill-maintained and faded beyond recognition;

Complaint

       iii.   The signage displayed for the one standard accessible space provided was missing required fine and towing language;

       iv.   The slope and cross-slope of the standard accessible space provided exceeded 1:48 (2.08%); and

       v.   There was no accessible route to the adjacent public right of way.

h.  LOT 10:

       i.   No van accessible space was provided;

       ii.   The one standard accessible space provided had slopes and cross slopes in both the space itself and the access aisle that exceeded 1:48 (2.08%);

       iii.   The signage displayed for the one designated accessible space was missing required fine and towing language; and

       iv.   There was no accessible route to the adjacent public right of way.

i.  LOT 11:

       i.   No van accessible space was provided;

       ii.   The access aisle for the one standard accessible space provided was less than 60-inches in width;

       iii.   The slope of both the standard accessible space and access aisle exceeded 1:48 (2.08%);

       iv.   The signage displayed for the one accessible space provided was missing required fine and towing language; and

       v.   There was no accessible route to the adjacent public right of way.

Complaint

27.     On information and belief, the above-described barriers in LOT 2, LOT 4, LOT 5, LOT 6, LOT 7, LOT 8, LOT 9, LOT 10, and LOT 11 continue to exist as of the date of the filing of this Complaint.

28.     Plaintiff is and has been prevented and deterred from returning to the beach front due to the inaccessible conditions he has encountered and is aware exist in the Beach Area Parking.

29.     On December 13, 2018 Plaintiff submitted a request to the City asking that they take immediate action to remediate the barriers to the Beach Area Parking and make the Beach Area Parking accessible to and useable by wheelchair users. To date, the City has not agreed to fulfill Plaintiff's request or to take any action whatsoever to make the Beach Area Parking accessible to people with disabilities.

30.     On information and belief, there are additional access barriers, as well as discriminatory policies that adversely impact access to and use of the Beach Area Parking and beach front. Plaintiff will seek to amend his Complaint once these additional barriers are identified through a noticed site inspection.

31.     On information and belief, the Beach Area Parking has undergone construction and/or alteration, in whole or in part, since January 1, 1982, triggering applicability of California accessibility standards, California Code of Regulations, Title 24.  Plaintiff is informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

32.     On information and belief, the Beach Area Parking has undergone construction and/or alterations, in whole or in part, since January 26, 1992 triggering applicability of the ADA Standards for Accessible Design, 36 C.F.R. pt. 1191, appxs. B and D; 28 C.F.R. pt. 36, subpart D.  Plaintiff is

12

Complaint

informed and believes, and on that basis alleges that Defendants have failed to comply with these standards.

33.    Plaintiff plans to park in the Beach Area Parking when visiting the beach front in the future to visit friends, shop and recreate. Until the above-described accessibility barriers are removed Plaintiff will continue to be denied full and equal access to the Beach Area Parking program and the public services, programs and activities the City offers at the beach front. Plaintiff will suffer ongoing discrimination and damage as a result.

34.    The nature of Defendants' discrimination is ongoing and continuous. Unless enjoined by this Court, Plaintiff will suffer ongoing and irreparable injury.

35.    Plaintiff has no adequate remedy at law because monetary damages, which may compensate for past unlawful conduct, will not afford adequate relief for the harm caused by the continuation of the wrongful conduct of Defendants and the denial of Plaintiff's civil rights as herein alleged. Accordingly, Plaintiff is entitled to injunctive relief.

## GOVERNMENT CLAIM FILED
### *(With regard to claims for damages under California State Law)*

36.    Plaintiff timely filed a government claim pursuant to § 910 et seq. of the California Government Code with the City on or about December 13, 2018.  Plaintiff's claim was rejected by the City on January 31, 2019.

## FIRST CAUSE OF ACTION
### Title II of the Americans with Disabilities Act
### 42 U.S.C. §12132 *et seq.*

37.    Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

13

Complaint

38.    Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

39.    Plaintiff is, and at all times relevant herein was, a person with a "disability" within the meaning of the ADA. 42 U.S.C. § 12102.

40.    Defendants have fifty (50) or more employees.

41.    Defendants are, and at all times relevant herein were, public entities within the meaning of Title II of the ADA. 42 U.S.C. § 12131(1).

42.    The Beach Area Parking is a program, service, and/or activity Defendants offer to members of the public.

43.    The Beach Area Parking is also a facility through which Defendants provide access to other of the City's services, programs and activities in the beach front area.

44.    Plaintiff is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA. 42 U.S.C. § 12131(2).

45.    As a member of the public, Plaintiff meets the essential eligibility requirements for the use of the Beach Area Parking and beach front.

46.    Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit and use of the Beach Area Parking, and accordingly the beach front, in violation of Title II and its implementing regulations. The Defendants' discriminatory conduct includes, *inter alia*:

     a.   Failing to operate the Beach Area Parking and the beach front it serves so that they are "readily accessible to and usable by individuals with disabilities" (28 C.F.R. § 35.150(a));

Complaint

b. Failing to design, construct, and/or alter the Beach Area Parking in a manner such that it is readily accessible to and usable by individuals with disabilities, when the construction/alteration was commenced after January 26, 1992 (28 C.F.R. § 35.151);

c. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public by and through the Beach Area Parking, on the basis of his disabilities (28 C.F.R. § 35.130(b)(1)(i));

d. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to members of the public by and through the Beach Area Parking that is not equal to that afforded his non-disabled peers (28 C.F.R. § 35.130(b)(1)(ii));

e. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to members of the public by and through the Beach Area Parking (28 C.F.R. § 35.130(b)(1)(vii));

f. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of his disability (28 C.F.R. § 35.130(b)(3)(i)); and

g. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination against Plaintiff on the basis of his disability (28 C.F.R. § 35.130(b)(7)).

47. Under Title II of the ADA Defendants were required to conduct

Complaint

a self-evaluation of its services, policies, and practices, and the effects thereof, by no later than January 26, 1993. 28 C.F.R. § 35.105(a). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to conduct a self-evaluation of the Beach Area Parking and the beach front it serves.

48.     Under Title II of the ADA Defendants were required to develop a transition plan setting forth the steps necessary to complete the structural changes necessary to achieve program accessibility of the Beach Area Parking within six months of January 26, 1992. 28 C.F.R. § 35.150(d)(1). On information and belief, as of the date of the filing of this Complaint, Defendants have failed to develop a transition plan setting forth the steps necessary to complete the structural changes required to achieve program accessibility of the Beach Area Parking and the beach front it serves.

49.     Under Title II of the ADA Defendants were required to remove physical barriers that limit or deny people with disabilities access to its programs, services and activities by no later than January 26, 1995. 28 C.F.R. § 35.150(c). On information and belief, Defendants have failed, since the ADA was enacted and every year thereafter, to take appropriate measures to remove barriers to the Beach Area Parking and the beach front it serves.

50.     Defendants' duties under Title II of the ADA pertaining to the accessibility of the Beach Area Parking and the beach front it serves are mandatory and long-established. Defendants had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was a willful and knowing decision and choice, and/or the product of deliberate indifference.

51.     Defendants were provided actual notice of the barriers to the Beach Area Parking; the impact those barriers have had on Plaintiff's access to and use of the Beach Area Parking and the beach front it serves; and their

Complaint

duty to remove such barriers under Title II of the ADA. Despite this knowledge, Defendants have failed and refused to take any steps to remove the barriers or otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

52.     Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**

**California Disabled Persons Act**

**California Civil Code § 54 *et seq.***

**(Statutory Damages and Attorneys' Fees Only)**

53.     Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs.

54.     The Disabled Persons Act ("CDPA") provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, … public facilities, and other public places." Cal. Civ. Code §54 (a).

55.     The CDPA also provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... and privileges of all ... places of public accommodation, ... and other places to which the general public is invited'." Cal. Civ. Code §54.1(a)(1).

56.     A violation of the ADA is also a violation of the CDPA.  Cal. Civ. Code, § 54(c) and 54.1(d).

57.     Any person or persons, firm or corporation who denies or interferes with an individual's rights under Section 54 or 54.1 is liable for each offense.  Cal. Civ. Code §54.3(a).

17

Complaint

58.     The parking lots that make up the Beach Area Parking are public places, public facilities, places of public accommodation, and/or other places to which the general public is invited as contemplated by the CDPA.

59.     As the owners and or operators of the Beach Area Parking, Defendants are obligated to comply with the provisions of the CDPA.

60.     Defendants are persons subject to California Civil Code section 54.3.

61.     Defendants are municipal corporations subject to California Civil Code section 54.3.

62.     Plaintiff is an individual with a physical disability within the meaning of California Government Code section 12926(m).

63.     Defendants' acts and omissions, as herein alleged, have violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal access to the accommodations, advantages, facilities, and privileges of the Beach Area Parking.

64.     Defendants' acts and omissions, as herein alleged, have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the ADA (see Plaintiff's First Cause of Action).

65.     Defendants' duties under the CDPA are mandatory and long established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference.

66.     Defendants were provided actual notice of the barriers to the Beach Area Parking; the impact those barriers have had on Plaintiff's access to and use of the Beach Area Parking and the beach front it serves; and their duty to remove such barriers under the CDPA. Despite this knowledge, Defendants have failed and refused to take any steps to remove the barriers or

Complaint

otherwise address Plaintiff's concerns. Defendants' failures in this regard constitute deliberate indifference.

67.    Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees under Cal. Civ. Code § 54.3(a). <u>*Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the CDPA.*</u>

## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court:

        a. Issue an injunction pursuant to the ADA enjoining Defendants to modify the Beach Area Parking to comply with federal and state accessibility standards;

        b.  Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

        c. Award Plaintiff attorneys' fees, litigation expenses, and costs of suit, as provided by law; and

        d. Award such other and further relief as the Court may deem just and proper.

Dated: February 11, 2019        Center for Disability Access

By:_____
Chris Carson
Attorneys for Plaintiff

19

Complaint